UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXIS MOORE,<br><br>    Plaintiff(s),<br><br>v.<br><br>DEALFI LLC,<br><br>    Defendant(s). | Case No. 2:24-cv-02078-GMN-DJA<br><br>**Order** |

    The Court's order setting the early neutral evaluation states unequivocally that a corporate "officer or representative with binding authority to settle this matter up to the full amount of the claim" must "appear for the duration of the ENE session." Docket No. 10 at 1-2 (emphasis in original). This requirement exists not just because full settlement authority is required for an early neutral evaluation to function as a logistical matter, but also to ensure that the person with actual authority can be "affected by the conversation" during the proceeding so as to potentially reevaluate preexisting settlement positions. *Nick v. Morgan's Food, Inc.,* 270 F.3d 590, 597 (8th Cir. 2001); *see also id.* at 596 n.4.

    It became apparent at the early neutral evaluation that the corporate representative participating for Defendant (Claudia Blaine) did not have full settlement authority.[1] Defense counsel then arranged for another person to join the final minutes of the early neutral evaluation, while strangely indicating both that he had been "in the room" and that he had been "next door" for the proceeding. At bottom, this additional person had not appeared or participated throughout the proceedings, which was the requirement set out in the Court's order. Docket No. 10 at 1-2.

---

[1] Defense counsel also indicated that he had not realized that someone with authority up to the "full amount" of the claim was required to participate, despite the crystal clear language of the order requiring just that.

1

1 | In light of the circumstances, defense counsel (Tyson Horrocks) is admonished for
2 | violating the Court's order. Similar conduct in the future may result in the imposition of sanctions.
3 | IT IS SO ORDERED.
4 | Dated: April 10, 2025

_____
Nancy J. Koppe
United States Magistrate Judge